**JEE FAMILY HOLDINGS, LLC, et al., Plaintiffs,**

v.

**SAN JORGE CHILDREN'S HEALTHCARE, INC., Defendant.**

**Civil No. 12–2021 (FAB).**

United States District Court, D. Puerto Rico.

Jan. 29, 2014.

Nancy J. Stewig, Broad & Cassel, Tampa, FL, George G. Mahfood, Broad and Cassel, Miami, FL, Francisco M. Troncoso, Troncoso & Schell, San Juan, PR, for Plaintiffs.

Allison J. Cammack, Raymond V. Miller, Gunster, Yoakley & Stewart, P.A., Miami, FL, Raul M. Arias–Marxuach, Luis R. Roman–Negron, McConnell Valdes, San Juan, PR, for Defendant.

### MEMORANDUM AND ORDER

BESOSA, District Judge.

Before the Court are two motions regarding subpoenas issued by the plaintiffs to non-parties Citibank and Scotiabank de Puerto Rico ("Scotiabank"): a motion to quash filed by non-parties (Docket No. 95); and a motion for a protective order filed by the defendant (Docket No. 94).

### I. Non-parties' Motion to Quash Subpoenas

■ Non-parties Capestrano Realty Company, Inc. ("CRC"), United Medical Corporation ("UMC"), Hospital San Juan Capestrano ("HSJC"), Donald R. Dizney, and David A. Dizney's (collectively "Non-parties") move pursuant to Federal Rule of Civil Procedure 45(d)(3) to quash plaintiffs' subpoenas to Citibank and Scotiabank. (Docket No. 95.)

■ The Non-parties, claiming that the records sought include their confidential financial information, have standing to object to the subpoenas. *See Schmulovich v. 1161 Rt. 9 LLC*, 2007 WL 2362598 at *2 (D.N.J. 2007); *see also In re Glitnir banki hf.*, 2011 WL 3652764 at *5 (Bankr.S.D.N.Y.2011). A court *must* quash a subpoena *duces tecum* if it requires disclosure of privileged or protected matter or subjects a person to an undue burden. Fed.R.Civ.P. 45(d)(3)(A). A Court *may* quash or modify a subpoena where it requires disclosure of "a trade secret or other confidential research, development, or commercial information." *Id.* 45(d)(3)(B). Modification of a subpoena is generally preferable to quashing it outright. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir.2004).

■ Here, because the Non-parties do not assert any privilege or claim undue burden with respect to the information they seek to prevent from disclosure, the Court interprets their motion as one pursuant to Rule 45(d)(3)(B)'s permissive provision for quashing subpoenas. The movant has the burden of demonstrating that the material sought by the subpoena is privileged or protected, or that production would result in an undue burden. *Wiwa*, 392 F.3d at 818. The subpoenaing party has the burden of establishing that the requested information is relevant to its claims or defenses. *Am. Elec. Power Co., Inc. v. United States*, 191 F.R.D. 132, 136 (S.D.Ohio 1999). The scope of discoverable information is governed by Rule 26, which allows discovery of items "reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1).

While the Non-parties contend that the information sought by the subpoenas is confidential, they do not claim any privilege, and the crux of their argument is that it is irrelevant to plaintiffs' claims. (Docket No. 95.) The plaintiffs respond that the records they seek pertain to their claim that the defendants and Non-parties provided distorted fi-

nancial information regarding a corporate merger, resulting in the under-valued appraisal that plaintiffs now contest. (Docket No. 105.) In appraisal actions such as this one, the Court "shall take into account all relevant factors" in determining fair value of the subject of the appraisal. Laws of P.R. Ann. tit. 14, § 3743(h). The records plaintiffs seek through the two contested subpoenas contain information that is relevant—and "reasonably calculated to lead to the discovery" of information that is relevant—to the fair appraisal value of plaintiffs' shares. Thus, plaintiffs have satisfied their burden of establishing relevance.

Though the Non-parties repeatedly claim that the information sought by the subpoenas is confidential or privileged, they have failed to establish as much.[1] *Cf. Pacamor Bearings, Inc. v. Minebea Co., Ltd.,* 918 F.Supp. 491 (D.N.H.1996) (affirming a motion to quash a third-party deposition subpoena and a subpoena seeking documents protected by attorney-client privilege.) Accordingly, the Non-parties have not satisfied their burden of establishing that the subpoenaed information is confidential or privileged.

For the foregoing reasons, the Non-parties' motion to quash the subpoenas to Citibank and Scotiabank (Docket No. 95) is **DENIED.**

## II. Defendants' Motion for Protective Order

■ Defendant San Jorge Children's Healthcare, Inc. ("San Jorge") moves for a protective order pursuant to Federal Rule of Civil Procedure 26(c) that would excuse Citibank and Scotiabank from responding to plaintiffs' subpoenas. Rule 26(c) allows the Court, for good cause, to issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c)(1). San Jorge, as a party to the law-

suit, has standing to challenge the subpoenas to the extent they (1) seek irrelevant information or, (2) information subject to the party's "personal right or privilege." *See, e.g., Brown v. Braddick,* 595 F.2d 961, 967 (5th Cir.1979); *Washington v. Thurgood Marshall Acad.,* 230 F.R.D. 18, 22 (D.D.C.2005); *Auto–Owners Ins. Co. v. Southeast Floating Docks, Inc.,* 231 F.R.D. 426, 429 (M.D.Fla. 2005).

■ In considering the propriety of a protective order pursuant to Rule 26, the Court must "balance the burden of proposed discovery against the likely benefit." *Gill v. Gulfstream Park Racing Ass'n, Inc.,* 399 F.3d 391, 400 (1st Cir.2005) (internal citations omitted). Among the relevant factors to be balanced are "considerations of the public interest, the need for confidentiality, and privacy interests." *Id.* at 402. Defendant offers the following grounds as bases for a Rule 26(c) protective order: (1) the information sought is irrelevant to the plaintiffs' claims; (2) the information sought is not necessary to the plaintiffs' claims; and (3) the information sought would require the disclosure of non-parties' confidential financial information. (Docket No. 94 at p. 4.) As to the first two factors, the Court reiterates that plaintiffs have established that the information sought by the subpoenas is both relevant and necessary to the determination of a fair value appraisal. As to the third factor, defendant does not have standing to move for a protective order preventing disclosure of third parties' financial information. *See Washington,* 230 F.R.D. at 21 (noting that "[a] motion to quash or for a protective order should generally be made by the person from whom the documents or things are requested") (citing 9A Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure* § 2459 (2d ed. 1995)).[2] The Court finds that the likely benefit of the subpoenaed information outweighs the burdens cited by defen-

---

**1.** Nevertheless, to the extent that the Non-parties seek to prevent the disclosure of personal and/or commercial financial information, *see* Fed. R.Civ.P. 45(d)(3)(B)(i), Local Rule 5.2 and the Court's confidentiality order (Docket No. 19) provide adequate safeguards of their privacy interests in the records sought. *See* Loc. R. Civ. P. 5.2 (requiring redaction of personal identifiers in

filings). The confidentiality order provides a mechanism through which the parties may request confidential treatment for particular documents. (Docket No. 19.)

**2.** The Court addressed the Non-parties' motion to quash the same subpoenas above in Section I.

dant. Accordingly, defendant's motion for a protective order (Docket No. 94) is DE-NIED.

   IT IS SO ORDERED.